On today's docket is the case of the people of the state of Illinois v. Mylos Morse. We have Mr. Larry Wells for the appellant, and we have Mr. Kevin Sweeney for the affidavit. You may proceed, Mr. Wells. May it please the Court, Mr. Counsel, Mr. Larry Wells, who represents the defendants in this case. Mr. Morse pled guilty. He filed a motion to withdraw his guilty plea, and his motion to withdraw his guilty plea was denied. He's appealed that decision. The issue he raises here is whether there was strict compliance with the certificate requirements of Rule 604B. The requirements are that the defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant, either by mail or in person, to ascertain defendant's intentions of error in the sentence or in the entry of the plea of guilty, has examined the trial court file and reported proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defense in those proceedings. Close quote. That's from Rule 604B. Now, there was a certificate filed. It was filed in October of 2009. And what the certificate says is that the attorney, pursuant to 604D, hereby certifies that the attorney has consulted with the petitioner in person at Big Muddy Correctional Center of the Illinois Department of Corrections to ascertain his willingness to withdraw his open plea of guilty, has examined the record in the trial court, including the sentencing hearing, and has reviewed petitioner's rights with said petitioner. Close quote. That's at RC 207. Now, this certificate does not certify that the attorney has read the transcript of the guilty plea. So there's no strict compliance there. It does not certify, the attorney does not certify that he has made the necessary amendments to bring to the trial court's attention any defense in the proceedings. And furthermore, we know that he did not make a necessary amendment. We cite cases in the brief where if the attorney makes an allegation that's based on something that's outside the record, there has to be supporting documents or, in some instances, an affidavit from the defendant. Here, the allegation is the defendant was compelled to plead guilty against his will based on material off the record. There has to be a supporting affidavit. If there isn't a supporting affidavit, then there's not a sufficient amendment that's as required under 604D. And here, there's no affidavit. So we know that the certificate is defective in three ways. The attorney did not certify that he read the guilty plea transcript. He didn't certify that he made the necessary amendments. And, in fact, he did not make the necessary amendments. And the standard is whether there is strict compliance with the certification requirements. And here, the certification is defective. We'd ask this court to vacate the order denying the motion to withdraw the guilty plea and send this case back to further proceedings. That's the request. Thank you. You'll have the opportunity to rebut. Mr. Sweeney. Well, strict compliance doesn't mean that you have to quote in the certificate the language of Rule 604D precisely, as the Wyatt, Wilson, and Shirley cases cited in the people's brief state. Now, basically, the criticisms of Mr. Wallace are, first, that there was no affidavit attached to the petition. That's not true. The attorney filed an affidavit signed by himself stating that the allegations to the petition were true in his information and beliefs, so there was an affidavit attached. Whether it's a good idea for an attorney to certify or file an affidavit certifying a motion to withdraw a plea is neither here nor there, because in this case, nobody attacked the motion to withdraw the plea on the grounds of the absence of an affidavit from anyone other than the attorney. So there was an affidavit, contrary to what Mr. Wallace said. Now, with respect to the transcript of proceedings, the certificate says that the attorney examined the record, including the sentencing hearing. Obviously, that refers to transcripts, but it doesn't matter how one way or another you interpret it, because the record affirmatively shows that the defense attorney was served with a copy of the transcript of the plea proceeding. It was attached to the people's answer to the motion to withdraw the plea. The attorney moved for a continuance to go out to Big Money Correctional Center and discuss that answer with the defendant, and during the argument on the motion to withdraw the plea, both sides referred repeatedly to that transcript. So if there's any ambiguity, the record solves that ambiguity by showing that the defense attorney not only read the transcript, he discussed it with the defendant and referred to it during argument. In this instance, we rely on the Smith decision, which was decided by this district back in 1993, in which the defense attorney filed a certificate saying he examined the record of proceedings. The transcript of the argument on the motion to withdraw the plea indicated that perhaps he didn't receive the transcript until the actual day that the court ruled on the motion to withdraw the plea. That was ruled by this court to be sufficient because the record actually showed that the defense attorney had examined the transcript. And as for the amendment, that language refers to amending the pro se motion of a defendant because in 99.9% of these cases, the defendant files a pro se motion to withdraw the plea, and then an attorney is appointed and has a duty to amend, if necessary, the pro se motion. Here there was nothing to amend. You can't amend a nonexistent motion. What happened was the defendant appealed directly his plea of guilty without filing a motion to withdraw the plea. This court sent it back the first time, initially, for appointment of an attorney, and the sole and only motion to withdraw the plea filed was filed without an attorney. Nothing to amend. No pro se motion, unlike almost every other case of this sort. The language in the rule refers to amending a pro se motion, which couldn't be due here because the pro se motion simply didn't exist. So there was an affidavit, and the nature of that affidavit made no difference to anybody. The record affirmatively shows that the defense counsel, on the motion to withdraw the plea, read and argued the transcript. You can't amend a nonexistent pro se motion, so we ask you to affirm it. Thank you, Mr. Sweeney. Mr. Williams. If that's not of the support for the claim, it can't be just any kind of support. The attorney's support that the statements in the motion to withdraw are known to him to be accurate, to the best of his knowledge, that's not anything that he would have any firsthand knowledge about. That's not any evidence to support. That's not an amendment to the allegation that would support the claim. It's insufficient. So they would have to have the defendant's statement, who was personally present, in order to support this, and we cite cases for that proposition. The next argument the State makes is that the defense attorney got this, and when he says he read the record, the certificate says that he read the trial court record. Examine the record in the trial court. What the State didn't mention here is that that was filed on October 29th of 2009. When he certified that he read the record, he was certifying that he read it in October. But the guilty plea hearing transcript wasn't in the record until months later in December, and there was no new certificate. So the certificate saying that he was familiar with the record in October is an insufficient certificate. Concerning the state of the record in December, he certified in October he was familiar with the record, and the case that they cite is exactly that kind of case, where the fellow says, I am familiar with the entirety of the record, and the defense attorney says, hey, wait a minute, on appeal, he says, wait a minute, he didn't certify he read the transcript, and you can look at the record, and this court said, well, he said he looked at the record, and when at the time he certified that he looked at the record, it was, the transcript was in the record. So that is a sufficient certificate, because when he certified that he looked at the record, and that transcript's in the record, then he's saying he looked at the transcript. That's what the certificate says. That's not the case here. He certified he looked at the record, including the transcript of the guilty plea, in October. December, the thing's filed. He doesn't make any further certificate. He doesn't make any further allegation along those lines. There's no amendment to the certificate. So that is not a sufficient certificate. And as far as the amendments to the pro se motion, only, I don't know where the state gets that. They don't cite any authority for the proposition that only relates to pro se motions. The assumption is going to be that some motions filed quickly, within 30 days, and then there's a consultation with the defendant, reading the transcripts, and as a result of that, then there's going to be, sometimes, further support or amendments. That's going to be the normal course. Well, usually that's not going to be pro se. It's going to be the defense attorney who does it. I don't know where that is. I don't know that they will cite me for it. If the amendments apply, 640 has to be strictly complied with, and that includes making necessary amendments. And here we can show that the necessary amendments were made. So we have three violations. At least this is clearly not strict compliance. And we could ask the court to remand the case for further proceedings. Is there a question? No. Thank you both. Thank you, Mr. Wells and Mr. Sweeney. We will take the matter under advisement.